OPINION OF THE COURT
Anne G. Feldman, J.
The Special Assistant Attorney-General for Medicaid Fraud *555 (petitioner) moves pursuant to Judiciary Law § 750 (A) (3) to hold Mark Feldman, D.P.M. and Mark Feldman, D.P.M., P. C. (respondents) in criminal contempt of court for refusing to comply with a Grand Jury subpoena duces tecum.
Upon review of the submitted papers and after extensive oral argument I conclude that an evidentiary hearing is required to determine whether respondents are guilty of willfully violating a valid court order.
It appears from the moving papers that on March 28, 1988, respondent Mark Feldman, D.P.M. accepted service of a Grand Jury subpoena duces tecum directed to Mark Feldman, D.P.M., P. C. (of which he is the sole stockholder, director and officer) demanding the production of medical records for 100 named persons as well as corporate records for period from January 1, 1984 through December 31, 1987. As the result of communications between respondents’ counsel and petitioner the return date for the subpoena was scheduled for April 20, 1988.
On that date Mark Feldman appeared in the Grand Jury room and without comment deposited a large manila envelope containing nine patient charts and six pages entitled "Mark Feldman, D.P.M., P.C. General Ledger 12/31/87”.
Petitioner says it is prepared to show, through Medicaid records, that all persons named in the subpoena were patients for whom respondent had filed treatment claims. Relying upon respondents’ legal responsibility to maintain patient records for a period of six years (8 NYCRR 29.2 [a] [3]) petitioner contends that respondents’ failure to produce all the records recited in the subpoena was a deliberate and willful defiance of a lawful court mandate.
Respondents contend that because Feldman delivered only a portion of the subpoenaed records it should be assumed that respondents were not in possession or control of the balance and had in fact complied with the subpoena. They maintain that if petitioner had been genuinely interested in learning why all the subpoenaed records had not been delivered it could have questioned him about the missing records when he was before the Grand Jury. They argued that petitioner is misusing the contempt proceeding, seeking to force respondents into revealing evidence which petitioner can then use against them in its Grand Jury investigation.
In response, petitioner points out that a subpoena duces tecum is not testimonial and that CPL 190.40 would have *556 required it to grant Feldman immunity from prosecution before questioning him. Arguing that a Grand Jury subpoena is presumptively valid (Virag v Hynes, 54 NY2d 437 [1981]), petitioner asserts that its papers here contained sufficient factual and legal allegations to warrant the holding of an evidentiary hearing at which it is prepared to show respondents’ willful failure to produce records which the law requires it to maintain.
This court agrees. At this juncture, the appropriate forum for respondents to explain their noncompliance with a presumptively valid subpoena is a contempt hearing. Had respondents wished, they could have challenged the subpoena at an earlier date through a motion to quash, showing that they had neither possession nor control of the subpoenaed records. Having elected not to pursue that route, they cannot defeat a contempt proceeding merely by asserting without explanation that they do not have records which the law (8 NYCRR 29.2 [a] [3]) requires them to maintain.
It is well settled that a contempt proceeding brought under section 750 of the Judiciary Law is criminal in nature. Thus, before respondents can be adjudicated in contempt of court the petitioner will be required to prove their guilt beyond a reasonable doubt (Hicks v Feiock, 485 US 624, —, 108 S Ct 1423, 1429-1430 [1988]; People v Shapolsky, 8 AD2d 122, 125 [1st Dept 1959]). Accordingly, petitioner bears the initial burden of establishing that its subpoena was valid and that respondent’s noncompliance was deliberate and willful. If petitioner makes such a showing respondents may avoid a contempt adjudication by proffering a credible explanation for their inability to produce the bulk of the subpoenaed material.
An evidentiary hearing is hereby ordered to be held on October 14, 1988.